JP:WDS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-11-062**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

IVAN BOSTON,
    also known as
    "Marvin Boston,"
    "Ivan Williams" and
    "Evan Williams,"

        Defendant.

- - - - - - - - - - - - - - - - -X

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF APPLICATION
<u>FOR ARREST WARRANT</u>

(T. 18, U.S.C.,
§ 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

        DAVID JOEL, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), Gun Enhancement Unit, duly appointed according to law and acting as such.

        Upon information and belief, on or about January 16, 2011, within the Eastern District of New York, the defendant IVAN BOSTON, also known as "Marvin Boston," "Ivan Williams" and "Evan Williams," having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit: a Smith and Wesson .380 caliber semi-automatic pistol.

        (Title 18, United States Code, Section 922(g)(1)).

1

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I have been a Detective with the NYPD Gun Enhancement Unit since May 2009. My information in this case comes from reviews of records of the NYPD, conversations with NYPD officers, and other official records of government agencies.

2. On or about January 16, 2011, at approximately 5:25 a.m., NYPD Officers Kharl Pinnock and Jimmy Ponce (collectively referred to herein as "the NYPD Officers") of the 79th Precinct received a call for assistance at the intersection of Tompkins Avenue and Dekalb Avenue in Brooklyn, New York; the call reported that a motorist had fallen asleep while stopped at the traffic light at that intersection. The NYPD Officers went to that intersection and found a blue 2000 Plymouth Voyager minivan, New York license plate EXV-7496. A review of New York State Department of Motor vehicle records later revealed that the vehicle is registered to the defendant.

3. The NYPD Officers observed that the driver, later identified as the defendant IVAN BOSTON, also known as "Marvin Boston," "Ivan Williams" and "Evan Williams," was asleep; the

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

vehicle's gearshift lever was in the "drive" position, but the defendant's foot was on the brake.

4. The NYPD Officers knocked loudly on the window, and after approximately three minutes, the defendant began to wake up. The defendant rolled down the window, and the NYPD Officers immediately detected a strong odor of alcohol. The NYPD Officers directed the defendant to put the vehicle in "park," and then asked the defendant to step out of the vehicle. The defendant appeared to be highly intoxicated and was unable to stand without assistance.

5. The NYPD Officers were assisting the defendant in standing with his back to the vehicle when the NYPD Officers observed the defendant attempt to place his right hand into his right coat pocket, turning back toward the vehicle. At that point, the NYPD Officers placed the driver in handcuffs and conducted a patdown search.

6. The NYPD Officers found a Sentinel .22 caliber revolver in the defendant's right coat pocket and a .380 caliber Smith and Wesson semi-automatic pistol in the defendant's left coat pocket. The Smith and Wesson pistol contained six rounds of ammunition; the revolver was not loaded. The defendant was placed under arrest.

3

7. The defendant is currently being held in state custody. I have reviewed criminal history records for the defendant, which reveal that the defendant has been convicted of at least the following crimes: (1) on June 15, 2004, the defendant was convicted in New York County Supreme Court of Attempted Possession of a Forged Instrument in the Second Degree, a Class E felony, and sentenced to 18 months to 3 years in prison; (2) on July 2, 1996, the defendant was convicted in Richmond County Supreme Court of Burglary in the Third Degree, a Class D felony, and sentenced to 42 months to seven years in prison; (3) on March 8, 1990, the defendant was convicted in New York County Supreme Court of Attempted Robbery in the Second Degree, a Class D felony, and sentenced to 30 months to five years in prison; and (4) on September 10, 1987, the defendant was convicted in New York County Supreme Court of Attempted Robbery in the Second Degree, a Class D felony, and sentenced to one to three years in prison.

8. I have consulted with an Alcohol, Tobacco, Firearms and Explosives interstate nexus expert, who informs me that the above-mentioned Smith and Wesson .380 caliber semi-automatic pistol was manufactured outside the State of New York. I am awaiting confirmation that the above-mentioned Sentinel .22

4

caliber revolver and ammunition were also manufactured outside the State of New York.

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant IVAN BOSTON, also known as "Marvin Boston," "Ivan Williams" and "Evan Williams," so that he may be dealt with according to law.

David Joel
Detective
New York Police Department

Sworn to before me this
20th day of January, 2011